**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., a Maryland corporation, | ) ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | Case No. 19-cv-6866 |
| JUBEEN VAGHEFI, an individual, and DENNIS ST. ROMAIN, an individual, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, Jones Lang LaSalle Americas, Inc., by and through its attorneys, Foley & Lardner LLP, hereby brings this action against Defendants Jubeen Vaghefi ("Vaghefi") and Dennis St. Romain ("St. Romain") (collectively "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action by Jones Lang LaSalle Americas, Inc. ("JLL" or "Plaintiff"), seeking, *inter alia*, damages for Defendants' breaches of contract in connection with Promissory Notes each Defendant executed as part of the consideration for his employment agreement and/or independent contractor agreement with JLL.

## THE PARTIES

2.     JLL is a corporation organized under the laws of the State of Maryland with its corporate headquarters and principal place of business located at 200 East Randolph Drive, Chicago, IL 60601. JLL is a real estate services company.

3.      Upon information and belief, Defendant Vaghefi is an individual who is now, and was at all times alleged herein, was a resident and domiciliary of the State of Florida and, for purposes of diversity jurisdiction, is a citizen of Florida.

4.      Upon information and belief, Defendant St. Romain is an individual who is now, and was at all times alleged herein, a resident and domiciliary of the State of Florida and, for purposes of diversity jurisdiction, is a citizen of Florida.

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction by virtue of the following facts: this is a civil action in which Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a).

6.      This Court has personal jurisdiction over each of the parties, including the Plaintiff and each of the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), in that a substantial part of the events that give rise to this action occurred in this District.  Specifically, each Defendant individually executed a Promissory Note with JLL (the "Vaghefi Note" and the "St. Romain Note") (collectively the "Promissory Notes"), and the Promissory Notes were made and delivered in this District. A true and correct copy of the Vaghefi Note is attached to this Complaint as Exhibit A, and a true and correct copy of the St. Romain Note is attached to this Complaint as Exhibit B.

7.      Jurisdiction and venue are proper in this District because, in the Promissory Notes, each Defendant consented to the jurisdiction of the state or federal courts in Chicago, Illinois. *See* Ex. A at 8 and Ex. B at 9.

## FACTUAL ALLEGATIONS

### Vaghefi's Employment with JLL and the Vaghefi Note

8.      On May 6, 2016, Vaghefi entered into an Employment Agreement with JLL to serve as a JLL Managing Director. Ex. A at 1. As part of the consideration for his employment, Vaghefi and JLL concurrently executed the Vaghefi Note. *Id.* at 6. The Vaghefi Note provides that JLL will make a cash loan of $2,500,000.00 to Vaghefi, and sets forth specific terms under which Vaghefi must repay the loan. *Id.*

9.      The Vaghefi Note includes a debt forgiveness plan under which JLL will gradually forgive Vaghefi's debt over a period of approximately six (6) years, at a rate dependent on the annual revenue Vaghefi generates for JLL. *Id.* at 6-7.

10.      The Vaghefi Note outlines certain circumstances when the loan's outstanding balance will become immediately due and payable within thirty (30) days. *Id.* at 7. One of those circumstances includes Vaghefi's voluntary resignation or withdrawal from JLL. *Id.*

11.      JLL made a $2,500,000.00 cash payment to Vaghefi on May 20, 2016.

12.      JLL forgave portions of Vaghefi's debt, at the rates agreed upon for the revenue Vaghefi's team generated in calendar years 2016, 2017, and 2018.

13.      On August 8, 2019, Vaghefi resigned from JLL. The balance of the Vaghefi Note on that date was $1,406,250.00. Under the terms of the Vaghefi Note, the balance of the Note became immediately due and payable on September 7, 2019, thirty (30) days after Vaghefi resigned.

14.      On September 11, 2019, JLL sent a letter to Vaghefi demanding repayment of the outstanding balance of the Vaghefi Note.

15.      As of the filing of this Complaint, JLL has not received any payment from Vaghefi, and the $1,406,250.00 remains outstanding.

3

16.     Under the terms of the Vaghefi Note, the $1,406,250.00 outstanding debt accrues interest at a rate of 10% per annum. *Id.* at 7.

17.     As a result of Vaghefi's failure to pay JLL under the terms of the Vaghefi Note, JLL is damaged in the amount of at least $1,406,250.00, plus interest, costs, and attorneys' fees, all of which are specifically provided for under the terms of the Vaghefi Note. *Id.*

**St. Romain's Independent Contractor Agreement with JLL and the St. Romain Note**

18.     On May 6, 2016, St. Romain entered into an Independent Contractor Agreement with JLL to serve as a JLL Managing Director. Ex. B at 1. As part of the consideration for his contract, St. Romain and JLL concurrently executed the St. Romain Note. *Id.* at 7. The St. Romain Note provides that JLL would make a cash loan of $2,500,000.00 to St. Romain and sets forth specific terms under which St. Romain must repay the loan. *Id.*

19.     The St. Romain Note includes a debt forgiveness plan under which JLL will gradually forgive St. Romain's debt over a period of approximately six (6) years, at a rate dependent on the annual revenue St. Romain generates for JLL. *Id.*

20.      The St. Romain Note outlines certain circumstances when the loan's outstanding balance will become immediately due and payable within thirty (30) days. *Id.* at 8. One of those circumstances includes St. Romain's voluntary resignation or withdrawal from JLL.  *Id.*

21.     JLL made a $2,500,000.00 cash payment to St. Romain on May 18, 2016.

22.     JLL forgave portions of St. Romain's debt, at the rates agreed upon for the revenue St. Romain's team generated in calendar years 2016, 2017, and 2018.

23.     On August 8, 2019, St. Romain resigned from JLL. The balance of the St. Romain Note on that date was $1,406,250.00. Under the terms of the St. Romain Note, the balance of the Note became immediately due and payable on September 7, 2019, thirty (30) days after St. Romain resigned.

4

24.     On September 11, 2019, JLL sent a letter to St. Romain demanding repayment of the outstanding balance of the St. Romain Note.

25.     As of the filing of this Complaint, JLL has not received any payment from St. Romain, and the $1,406,250.00 remains outstanding.

26.     Under the terms of the St. Romain Note, this $1,406,250.00 outstanding debt accrues interest at a rate of 10% per annum. *Id.* at 8.

27.     As a result of St. Romain's failure to pay JLL under the terms of the St. Romain Note, JLL is damaged in the amount of at least $1,406,250.00, plus interest, costs, and attorneys' fees, all of which are provided for under the terms of the St. Romain Note. *Id.*

## COUNT I
### Breach of Contract
### (JLL v. Vaghefi)

28.     Paragraphs 1 through 27 are incorporated as if fully set forth herein.

29.     JLL and Vaghefi entered into the Vaghefi Note, which imposed obligations on Vaghefi and JLL.

30.     The Vaghefi Note was and is a binding and valid agreement, supported by adequate consideration.

31.     JLL performed all of its obligations under the Vaghefi Note.

32.     Vaghefi has materially and substantially breached his contractual obligations under the Vaghefi Note by failing to pay $1,406,250.00 immediately due and payable to JLL as of September 7, 2019.

33.     Vaghefi's breaches have caused JLL damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

34.     JLL seeks judgment against Vaghefi as set forth below.

5

## COUNT II
### Breach of Contract
### (JLL v. St. Romain)

35.     Paragraphs 1 through 27 are incorporated as if fully set forth herein.

36.     JLL and St. Romain entered into the St. Romain Note, which imposed obligations on St. Romain and JLL.

37.     The St. Romain Note was and is a binding and valid agreement, supported by adequate consideration.

38.     JLL performed all of its obligations under the St. Romain Note.

39.     St. Romain has materially and substantially breached his contractual obligations under the St. Romain Note by failing to pay $1,406,250.00 immediately due and payable to JLL as of September 7, 2019.

40.     St. Romain's breaches have caused JLL damages in excess of $75,000, exclusive of interest, costs, and attorneys' fees.

41.     JLL seeks judgment against St. Romain as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jones Lang LaSalle Americas, Inc., demands judgment against Defendants, Jubeen Vaghefi and Dennis St. Romain, in the amount of at least $2,812,500.00 ($1,406,250.00 as to each Defendant), plus all accrued interest, costs, and attorneys' fees as provided for under the parties' contracts and by law, and all such other and further relief as this Court deems just and proper.

6

4834-5811-4983.2

Dated:  October 17, 2019

Respectfully submitted,

/s/ Patrick J. McMahon
Jena L. Levin (IL Bar No. 6300341)
jlevin@foley.com
Patrick J. McMahon (IL Bar No. 6321105)
pmcmahon@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654-5313
312.832.4500
312.832.4700 (Fax)

*Attorneys for Plaintiff*
*Jones Lang LaSalle Americas, Inc.*

7